UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACCELEPROPERTIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3141 |
| | § | |
| LITTON LOAN SERVICING LP and | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

## OPINION AND ORDER

Pending before the Court is Defendants Litton Loan Servicing, LP ("Litton") and CitiMortgage, Inc.'s ("CMI") motion to dismiss Plaintiff AcceleProperties, Inc.'s ("Accele") original petition. Doc. 5. Litton and CMI moved to dismiss under Rule 12(b)(6) on the grounds that Plaintiff cannot state a claim under the Texas Property Code against a third party lender and that it lacks standing to challenge the mortgage assignment. Doc. 10.

Having considered Defendants' motion, the facts of this case, and the applicable law, the Court finds that Defendants' motion to dismiss should be granted.

Background and Relevant Facts

Plaintiff Accele has sued Defendants Litton and CMI to obtain clear title for property located at 3203 Ellinger Lane, Houston, Texas 77040 after Defendants foreclosed on Plaintiffs property. Doc. 1-3 at 4-5; Doc. 9 at 1-2. As alleged in Plaintiff's original petition, Plaintiff purchased the property from Dego Chong ("Chong"), on October 4, 2010. Doc. 1-3 at 8. It appears that Chong owned the property subject to a mortgage originally issued by Kingston Mortgage Co., Ltd ("Kingston") that was later transferred to Litton and CMI. *Id.* at 4. Although

Chong conveyed the property to Plaintiff by a general warranty deed, the warranty deed contained both a statement that "[g]rantee is taking the property in an arm's-length agreement between the parties . . . [and] there are no representations or express or implied warranties" in the conveyance and an "exception[] to conveyance and warranty" for "all presently recorded and validly existing instruments." *Id.* at 8-9. In other words, the property was subject to a mortgage.

On October 27, 2010, Chong's attorney, Tammy E. Silvas, sent Litton a "qualified written request pursuant to the Real Estate Settlement Procedures Act" ("RESPA"). Doc. 1-3 at 11. The Plaintiff does not explain why Chong, the previous property owner, made the request rather than the Plaintiff, who had purchased the property three weeks prior. Nevertheless, in the letter, Silvas disputed the monthly amount owed for the mortgage and requested information regarding payment history, and "proof of ownership of Note and beneficiary of Deed of Trust." *Id.* at 11-12. Silvas additionally requested that Litton "postpone any foreclosure sale on the . . . property for the next 60 days." *Id.* at 12. No response to the letter appears in the record. It appears that Defendants subsequently instituted foreclosure proceedings against Plaintiff. *See id* at 11-12.

On June 28, 2011, Plaintiff filed suit in the 295th Judicial District of Harris County, Texas against Defendants seeking a declaratory judgment to clear title on the property. Doc. 1 at 1; Doc. 1-3 at 5. Plaintiff contended that the Defendants "do not have the right to foreclose on the . . . property as there is no paperwork granting the property . . . from original mortgagee to the Defendants." Doc. 1-3 at 4.

On August 26, 2011, Defendants removed the case to this court alleging diversity jurisdiction. Doc. 1 at 5. On September 2, 2011, Defendants filed a motion to dismiss Plaintiff's original petition on the grounds that it "[failed] to state a claim upon which relief can be granted"

and that Plaintiff lacked standing to challenge the validity of the assignment of the mortgage. Doc 5. at 2. On December 19, 2011, Plaintiff filed an amended complaint purporting to assert a claim under the Texas Property Code based on Defendants' failure to respond to Chong's inquiry to Litton regarding encumbrances on the property.[1] Doc. 9 at 3-4; *See* Tex. Prop. Code Ann. §5.023 (West 2011). On January 17, 2012, Defendants filed a reply in support of their motion to dismiss asserting that Plaintiff's amended complaint failed to address the deficiencies in its original pleading. Defendants contend that an implied covenant against encumbrances would establish a right for Plaintiff against Chong, the grantor, only, and that Plaintiff has no standing to challenge the mortgage assignment. Doc. 10 at 3-4.

Legal Standards

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Plaintiff did not seek leave to file an amended compliant. The Court nevertheless considers the factual allegations and the additional claim under the Texas Property Code contained therein as a supplement to Plaintiff's original petition.

*Iqbal,* 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

<u>Analysis</u>

<u>1. Implied Covenant Against Encumbrances</u>

In its amended complaint Plaintiff asserts a cause of action pursuant to the Texas Property Code provision on implied covenants against encumbrances. Doc. 9 at 3; *See* Tex. Prop. Code Ann. §5.023 (West 2011). The Texas Property Code imposes an implied covenant between the grantor of real property and the grantee, by which, "at the time of the execution of the conveyance," the grantor covenants that "the estate is free from encumbrances." Tex. Prop. Code Ann. §5.023 (West 2011). The Code further provides that "[a]n implied covenant under this section may be the basis for a lawsuit as if it had been expressed in the conveyance." *Id.* It is on the basis of these provisions that Plaintiff, the grantee in the underlying real estate transaction, now seeks to sue Defendants, neither of whom was a party to the transaction. Because Plaintiff purchased the property from Chong, it is Chong who would be liable for any alleged breach of Section 5.023. *See id.* Defendants, who merely held the mortgage to which the property was subject, made no covenants at the time of transfer as they did not transfer any property. Because Plaintiff cannot make out a claim against the Defendants under Section 5.023 of the Texas Property Code, and because any attempt to do so would be futile, its claim is dismissed with prejudice.

<u>2. Suit to Quiet Title</u>

Although Plaintiff does not directly assert a claim for quiet title, it does allege that the Defendants have wrongfully claimed title to Plaintiff's property. *See* Doc. 1 and 9. Plaintiff seeks

a declaratory judgment that the Defendants "do not have the right to foreclose on the aforementioned property as there is no proper paperwork granting the property from the . . . original mortgagee to the Defendants." Doc. 1-3 at 4. Thus, Plaintiff's case is in substance, if not in form, an action to quiet title.[2] Plaintiff lacks standing, however, to contest the validity of the mortgage transfer from Kingston to Defendants.

"Under Texas law, absent circumstances not relevant here, assignments are contracts that are only enforceable by parties to the contract." *Hazzard v. Bank of Am. NA*, No. C-12-127, 2012 WL 2339313, at *3 (S.D. Tex. June 19, 2012) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam); *Univ. of Texas Med. Branch v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ); *Pagosa Oil and Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 209-14 (Tex. App.—El Paso 2010, pet. denied)). Thus, "a nonparty to the mortgage assignment…does not have standing to contest it." *Id.* (citing *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194 (S.D. Tex. Aug. 18, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, at *5 (E.D. Tex. Apr. 28, 2011)); *See also Eskridge v. Fed. Home Loan Mortg. Corp.*, W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011). Because Plaintiff was not a party to the original assignment, Plaintiff does not have standing to contest the validity of the assignment.

Moreover, even if Plaintiff had standing, its suit to quiet title still would fail. "A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld." *Reardean*, 2011 WL 3268307 at *5 (citing *Poretto*, 251 S.W.3d at 708). The cause of action "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Morlock, L.L.C. v.*

---

[2] "A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *5 (W.D. Tex. July 25, 2011) (citing *Poretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

*Bank of Am., N.A.*, CIV.A. H-12-0364, 2012 WL 1640895 (S.D. Tex. May 8, 2012) (quoting

*Thomson v. Locke,* 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim

include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by

the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Id.* (citing

*U.S. Nat. Bank Ass'n v. Johnson,* 2011 WL 6938507 *3 (Tex.App.—Houston [1st Dist.] 2011).

"To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or

herself with sufficient certainty to enable the court to see he or she has a right of ownership that

will warrant judicial interference.'" *Reardean*, 2011 WL 3268307 at *5 (quoting *Wright v.

Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Lastly, "a plaintiff

can only recover on a quiet title claim by establishing the strength of his own title; attacking the

weakness of the defendant's title will not suffice." *Morlock,* 2012 WL 1640895 at *3 (citing

*Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex.App.—Corpus Christi 2001)).

Here, Plaintiff does no more than challenge the validity of Defendants' ability to

foreclose by asserting that there is "no proper paperwork granting the property . . . to the

Defendants." Doc. 9 at 2. Although Plaintiff does provide evidence of a warranty deed that

conveys the property from Chong to Plaintiff, Plaintiff's warranty deed contains an exception for

"all presently recorded and validly existing instruments." *See* Doc. 1-3 at 9. In addition,

Plaintiff's complaint indicates that at the time of the property transfer a note existed. *See* Doc. 1-

3. Furthermore, Plaintiff has failed to allege that it has a superior title and has only asserted that

the Defendants do not have the proper paperwork recording a transfer of assignment. Doc. 9 at 2.

Plaintiff therefore has failed to state a claim to quiet title.

Because, Plaintiff would lack standing to challenge the validity of the mortgage transfer

even if it could amend its pleadings to state the elements of a quiet title action, any attempt to

amend would be futile.   Accordingly, it is hereby

**ORDERED** that Defendants Litton Loan Servicing, LP and CitiMortgage, Inc.'s motion to

dismiss (Doc. 5) Plaintiff AcceleProperties, Inc.'s original complaint (Doc. 1-3) is **GRANTED**

and this case is **DISMISSED WITH PREJUDICE.**

SIGNED at Houston, Texas, this 19th day of July, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE